IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN CLOUD, TDCJ #749521, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-2823 |
| STEVEN MILLER, et al., | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Cloud is an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Cloud has filed a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), alleging violations of his civil rights. Cloud has also filed an Application to Proceed In Forma Pauperis (Docket Entry No. 2). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the court concludes that this case will be dismissed for reasons explained briefly below.

### I. Discussion

Cloud is presently confined at the Byrd Unit in Huntsville. He sues Warden Steven Miller and former Warden Edward Howell for conditions of confinement at the Byrd Unit. In particular, Cloud

contends that officers at the Byrd Unit did not properly secure his property when he was sent to the hospital recently on September 7, 2015, for "sciatica" and a bruised spine.[1] Cloud contends that his TDCJ identification card was lost and that he has been denied access to property that reportedly concerns two active actions in state court.[2] Without an identification card Cloud complains that he is unable to make purchases at the prison commissary.[3] Cloud also appears to allege that he has been denied access to courts and to adequate medical care.[4] Cloud complains that Warden Miller and Warden Howell are liable for their general "fail[ure] to oversee numerous [departments]" at the Byrd Unit.[5]

It is evident from the pleadings that Cloud did not complete the TDCJ two-step grievance process before filing this action. See Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998) (outlining the two-step procedure, which at Step 1 entails submitting an administrative grievance at the institutional level followed by a Step 2 appeal if the result is unfavorable). Before a prisoner may file a § 1983 action, the Prison Litigation Reform Act requires that he must properly exhaust administrative remedies. 42 U.S.C.

---

[1] Complaint, Docket Entry No. 1, pp. 4, 5.

[2] Id. at 4.

[3] Id.

[4] Id.

[5] Id. at 3.

§ 1997e(a); Dillon v. Rogers, 596 F.3d 260, 265 (5th Cir. 2010). The Fifth Circuit has emphasized that "pre-filing exhaustion of prior grievance process is mandatory" and that district courts lack discretion to excuse a prisoner's failure to exhaust his administrative remedies. Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012).

Moreover, a national case index reflects that while incarcerated in TDCJ Cloud has filed at least five previous civil actions or appeals that have been dismissed by the federal courts as frivolous. See Cloud v. Webb, Civil No. 7:97-251 (N.D. Tex. April 8, 1998) (dismissed as frivolous); Cloud v. Webb, No. 98-10521 (5th Cir. Nov. 24, 1998) (same); Cloud v. Thielman, et al., Civil No. 7:98-77 (N.D. Tex. Oct. 8, 1999) (same); Cloud v. Webb, et al., Civil No. 7:99-207 (N.D. Tex. Jan. 30, 2002) (same); Cloud v. Dretke, et al., Civil No. 9:04-45 (E.D. Tex. July 19, 2004) (same). Thus, Cloud has at least five strikes against him for filing frivolous lawsuits prior to filing the present action.

Under 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action in forma pauperis in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996). To come within the exception a prisoner must demonstrate that imminent danger of

serious physical injury exists at the time the plaintiff seeks to file his complaint. Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). The conclusory allegations made by Cloud in this case do not show that he is in imminent danger of serious physical injury and, therefore, summary dismissal is warranted.

## II. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **DENIED**.

2. Plaintiff's Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g) and, alternatively, is **DISMISSED without prejudice** for the plaintiff's failure to exhaust administrative remedies.

**The Clerk will provide copies of this Memorandum Opinion and Order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax No. 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.**

**SIGNED** at Houston, Texas, on this 1st day of October, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE